THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
LEAH S. STRICKLAND [SBN 265724]
lstrickland@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant
MIDLAND FUNDING, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA MRVICH, | Case No. 3:16-cv-00481-DMS-DHB |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| MIDLAND FUNDING, LLC, | Judge: Hon. Dana M. Sabraw |
| Defendant. | |

### ANSWER TO FIRST AMENDED COMPLAINT

Defendant MIDLAND FUNDING, LLC ("Midland") (and/or "Defendant"), on behalf of itself and no others, hereby submits the following Answer to the First Amended Complaint filed in this action by Plaintiff CECILIA MRVICH ("Plaintiff"):

### INTRODUCTION

1. Paragraph 1 of the First Amended Complaint contains conclusions of law, which require no response. To the extent that the paragraph contains factual allegations, Defendant denies them.

2. Paragraph 2 of the First Amended Complaint contains conclusions of law, which require no response. To the extent that the paragraph contains factual allegations, Defendant denies them.

1  3. Paragraph 3 of the First Amended Complaint contains conclusions of law, which require no response. To the extent that the paragraph contains factual allegations, Defendant denies them.

4. Defendant denies the allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5. In answering Paragraph 5 of the First Amended Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k) and 28 U.S.C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. Paragraph 6 of the First Amended Complaint contains conclusions of law, which require no response. To the extent that the paragraph contains factual allegations, Defendant denies them.

7. In answering Paragraph 7 of the First Amended Complaint, Defendant admits that it conducts business in the State of California. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8. In answering Paragraph 8 of the First Amended Complaint, Defendant admits that it conducts business in this judicial district. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

## PARTIES

9. Defendant admits that Plaintiff is an adult natural person, but lacks information and belief as to whether Plaintiff currently resides in San Diego County, California, and on that basis denies the remaining allegations contained in Paragraph 9.

10. Defendant admits that it is a Delaware limited liability company doing business in the State of California. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. In answering Paragraph 13 of the First Amended Complaint, Defendant admits that Plaintiff owes a financial obligation to which Defendant is entitled to payment. Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff qualifies as a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and on that basis denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. Defendant admits that Plaintiff is a natural person who owes a financial obligation for which Defendant is entitled to payment. Defendant lacks information and belief as to whether Plaintiff is a statutorily defined "debtor" and on that basis denies said allegation. The remaining allegations of Paragraph 14 are denied.

15. Defendant admits that Plaintiff is a natural person who owes a financial obligation for which Defendant is entitled to payment. Defendant lacks information and belief as to whether Plaintiff is a statutorily defined "consumer" or whether Plaintiff's financial obligation meets the statutory definition of "consumer credit" and on that basis denies the remaining allegations of Paragraph 15.

## FACTS COMMON TO ALL CAUSES OF ACTION

16. Defendant admits Plaintiff made a purchase at Best Buy ("Best Buy"), and incurred a financial obligation to which Defendant is entitled to payment. Defendant lacks information and belief as to the purpose for which Plaintiff opened or used the account, and on that basis denies the remaining allegations of Paragraph 16.

17. Defendant admits Plaintiff made a purchase at Best Buy, and incurred a financial obligation to which Defendant is entitled to payment. Defendant lacks information and belief as to the purpose for which Plaintiff opened or used the account, and on that basis denies the remaining allegations of Paragraph 17.

18. Defendant admits Plaintiff made a purchase at Best Buy, and incurred a financial obligation to which Defendant is entitled to payment. Defendant lacks information and belief as to the purpose for which Plaintiff opened or used the

account, and on that basis denies the remaining allegations of Paragraph 18.

19. Defendant admits that HSBC Bank ("HSBC") was the entity that issued Plaintiff credit, but lacks information and belief as the remaining allegations of Paragraph 19.

20. Paragraph 20 of the First Amended Complaint contains conclusions of law, which require no response. To the extent that the paragraph contains factual allegations, Defendant denies them.

21. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 21, and on that basis denies such allegations.

22. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 22, and on that basis denies such allegations.

23. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 23, and on that basis denies such allegations.

24. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 24, and on that basis denies such allegations.

25. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 25, and on that basis denies such allegations.

26. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 26, and on that basis denies such allegations.

27. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 27, and on that basis denies such allegations.

28. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 28, and on that basis denies such allegations.

29. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 29, and on that basis denies such allegations.

30. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 30, and on that basis denies such allegations.

31. Paragraph 31 of the First Amended Complaint contains conclusions of

P:01086701-4:87026.123          -4-          3:16-cv-00481-DMS-DHB
DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

law, which require no response. To the extent that the paragraph contains factual allegations, Defendant denies them.

32. Paragraph 32 of the First Amended Complaint contains conclusions of law, which require no response. To the extent that the paragraph contains factual allegations, Defendant denies them.

33. Paragraph 33 of the First Amended Complaint contains conclusions of law, which require no response. To the extent that the paragraph contains factual allegations, Defendant denies them.

*False claim of an account stated*

34. Paragraph 34 of the First Amended Complaint contains conclusions of law, which require no response. Defendant admits third party Midland Credit Management, Inc. sent correspondence to Plaintiff. The contents of that correspondence speak for themselves.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant admits that in February 2015 a collection action was filed on behalf of Midland Funding, LLC against Plaintiff in the Superior Court of California for the County of San Diego, bearing the case number 37-2015-00006988-CL-CL-CTL.

37. Defendant admits that Exhibit A appears to be a copy of the referenced complaint.

38. Defendant denies the allegations contained in Paragraph 38.

39. Paragraph 39 of the First Amended Complaint contains conclusions of law, which require no response. To the extent that the paragraph contains factual allegations, Defendant denies them.

40. Defendant denies the allegations contained in Paragraph 40.

41. Paragraph 41 of the First Amended Complaint contains conclusions of law, which require no response. To the extent that the paragraph contains factual allegations, Defendant denies them.

*Falsified documents*

42. Defendant admits Plaintiff was represented by counsel in the state court lawsuit. Defendant denies the allegations contained in Paragraph 42.

43. Defendant admits the allegations contained in Paragraph 43.

44. Defendant admits serving discovery responses, the contents of which speak for themselves.

45. Defendant admits serving discovery responses, the contents of which speak for themselves.

46. Defendant admits serving discovery responses, the contents of which speak for themselves.

47. Defendant admits the allegations contained in Paragraph 47.

48. Defendant admits the allegations contained in Paragraph 48.

49. The contents of Defendant's responses speak for themselves.

50. The contents of Defendant's responses speak for themselves.

51. The contents of Defendant's responses speak for themselves.

52. The contents of Defendant's responses speak for themselves.

53. The contents of Defendant's responses speak for themselves.

54. The contents of Defendant's responses speak for themselves.

55. Defendant denies the allegations contained in Paragraph 55.

56. The trial exhibits are a matter of record and speak for themselves.

57. The trial exhibits are a matter of record and speak for themselves.

58. The trial testimony and exhibits are a matter of record and speak for themselves.

59. The trial testimony and exhibits are a matter of record and speak for themselves.

60. Defendant admits the trial concluded for the day during Ms. Larsen's testimony.

61. Defendant admits the allegations contained in Paragraph 61.

62. Defendant admits the state court lawsuit was dismissed on or about October 27, 2016. Defendant denies the remaining allegations contained in Paragraph 62.

63. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 63, and on that basis denies such allegations.

## ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION

## FIRST CLAIM FOR RELEIF[sic]

### (Violations of the FDCPA)

64. Defendant realleges and incorporates the responses contained in Paragraphs 1-63 above.

65. Defendant denies the allegations contained in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

## SECOND CLAIM FOR RELEIF [sic]

### (Violations of the Rosenthal Act)

67. Defendant realleges and incorporates the responses contained in Paragraphs 1-66 above.

68. Defendant denies the allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the First Amended Complaint and without assuming or shifting any burden of proof required of Plaintiff to establish her claims, Defendant alleges on information and belief as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Waiver)

1. Plaintiff has waived her rights, if any, to recover the relief she seeks in the First Amended Complaint based upon her own conduct and admissions with

respect to the financial obligation at issue, including by making payments toward that financial obligation.

### SECOND AFFIRMATIVE DEFENSE
### (Litigation Privilege)

2.  The actions of Defendant complained of in the First Amended Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's claims are therefore barred, in whole or in part, by the California litigation privilege.

### THIRD AFFIRMATIVE DEFENSE
### (Conduct of Others)

3.  Plaintiff's damages, if any, were caused by the actions or inactions of others over whom these answering Defendant had no control.

WHEREFORE, Defendant requests judgment as follows:

1.  That Plaintiff takes nothing by the First Amended Complaint, which should be dismissed with prejudice;

2.  That Defendant recovers from Plaintiff its costs according to proof;

3.  That Defendant recovers its attorneys' fees according to proof; and

4.  That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: December 20, 2016

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: *s/Thomas F. Landers*
THOMAS F. LANDERS
LEAH S. STRICKLAND
Attorneys for Defendant
MIDLAND FUNDING, LLC

P:01086701-4:87026.123        -8-        3:16-cv-00481-DMS-DHB
DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT