UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA MRVICH,<br><br>         Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC,<br><br>         Defendant. | Case No.: 16-cv-00481-DMS (DHB)<br><br>**ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**(ECF No. 27)** |

On November, 22, 2017, the parties filed a Joint Motion for Determination of Discovery Dispute regarding the Requests for Production, Set One, served by Defendant Midland Funding, LLC ("Defendant") on Plaintiff Cecilia Mrvich ("Plaintiff"). (ECF No. 27.) Specifically, Defendant moves to compel substantive responses and documents in response to Requests Nos. 29 and 30. (*Id.*)

After careful consideration of the parties' arguments, and for the reasons set forth below, the Court **DENIES** Defendant's motion to compel production of Plaintiff's tax returns in response to Requests Nos. 29 and 30.

///

///

1

## I. BACKGROUND

On February 23, 2016, Plaintiff commenced this case by filing a Complaint against Defendant, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code §§ 1788 *et seq.* (ECF No. 1.) Plaintiff filed a First Amended Complaint ("FAC") against Defendant on December 6, 2016, again alleging violations of the FDCPA and Rosenthal Act. (ECF No. 15.) Plaintiff's claims in the FAC stem from her credit card purchase of a computer on October 16, 2011 from Best Buy, and relate to Defendant's subsequent handling of that debt. (*See id.* at ¶ 16.) Plaintiff seeks an award of actual and statutory damages under the FDCPA and Rosenthal Act, as well as costs of litigation, reasonable attorney's fees, and such other and further relief as the Court deems just and proper. (*Id.* at 9-10.)

On September 15, 2017, Defendant served Plaintiff with Requests for Production of Documents, Set One. (ECF No. 27-1, Declaration of Mei-Ying Imanaka ("Imanaka Decl."), at ¶ 2, Exh. A.) Request Nos. 29 and 30 state the following:

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS that RELATE TO or evidence YOUR federal and state income tax returns for the years 2010 to 2012, including without limitation all schedules, worksheets, addenda, etc.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS that RELATE TO or evidence any federal or state tax return, including without limitation schedules, worksheets, addenda, etc. for any year that reference the computer YOU allege YOU purchased in paragraph 16 of YOUR FAC.

(*Id.*)

On October 11, 2017, Plaintiff served responses to Defendant's Requests for Production, Set One. (*Id.* at ¶ 3, Exh. B.) In response to Requests Nos. 29 and 30, Plaintiff states:

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection: this information is both highly confidential, irrelevant, and unlikely to lead to the discovery of any relevant evidence. Furthermore, this type of prying into individual financial information is frankly intended to harass and embarrass Plaintiff more than lead to actual admissible evidence.

. . .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection: this information is both highly confidential, irrelevant, and unlikely to lead to the discovery of any relevant evidence. Furthermore, this type of prying into individual financial information is frankly intended to harass and embarrass Plaintiff more than lead to actual admissible evidence.

(*Id.*)

The parties met and conferred regarding Plaintiff's responses by email and through telephonic and in-person conferences between October 24, 2017 and November 9, 2017. (*Id.* at ¶¶ 4-6, Exhs. C, D.) The parties filed the present Joint Motion on November 22, 2017, which is timely under Judge Bartick's Civil Chambers Rules. (*See* Civil Chambers Rules at § IV(C).)

II. **DISCUSSION**

A. **Legal Standard**

Here, the Court exercises federal question jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over Plaintiff's pendent state law claim. (*See* FAC at ¶¶ 5-6.) In the Ninth Circuit, "[w]here there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839-40 (9th Cir. 2005) (citing Fed. R. Evid. 501 advisory committee note). Accordingly, the Court applies federal privilege law to the claims in this action.

Under federal law, tax returns and related documents do not enjoy an absolute privilege from discovery. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Heathman v. U.S. D. Ct. for the Cent. D. of Cal.*, 503 F.2d 1032, 1035

(9th Cir. 1974). "Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp.*, 511 F.2d at 229. "Accordingly, the Court may only order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available." *Aliotti v. The Vessel SENORA*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003) (citations omitted); *see also A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006). "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable." *A. Farber & Partners, Inc.*, 234 F.R.D. at 191.

**B. Analysis**

1. <u>Arguments</u>

Defendant moves to compel production of Plaintiff's federal and state income tax returns for the years 2010 to 2012, and her federal and state income tax returns for any year that references the computer at issue in this case. First, Defendant argues that Plaintiff's tax treatment of the computer is relevant to the determination of whether the financial obligation at issue qualifies as a "debt" or "consumer debt" under the FDCPA and Rosenthal Act. (ECF No. 27 at 3-4.) A "debt" under the FDCPA, and a "consumer debt" under the Rosenthal Act, are similarly defined as obligations incurred "primarily for personal, family, or household purposes." *See* 15 U.S.C. § 1692a(5); Cal. Civ. Code §§ 1788.2(f), (e). Defendant argues that Plaintiff's tax returns "are a contemporaneous sworn statement as to the purpose of her purchase," and Plaintiff may have listed her computer as a "business expense, depreciated good, and/or for any other reason," which would lead to the conclusion that Plaintiff did not use the computer primarily for personal, family, or household purposes. (ECF No. 27 at 4.) If Plaintiff cannot establish that the financial obligation incurred qualifies as a "debt" or a "consumer debt," Defendant argues that Plaintiff's claims fail. (*Id.*)

Second, Defendant argues the information is relevant to Plaintiff's request for actual damages, as she alleges she originally purchased the computer "in order to take classes, for which she paid tuition and was never able to complete." (*Id*. at 4-5; *see also* FAC at ¶ 30.)

In response, Plaintiff argues that she is not seeking damages for the period from 2010 to 2012. (ECF No. 27 at 6-7, 11.) She seeks damages based on Defendant's actions, and Defendant did not acquire the debt at issue until 2013. (*Id*. at 11.) Thus, the tax returns for 2010 through 2012 should not be compelled on the basis they are relevant to actual damages. (*Id*.) Second, Plaintiff argues that her returns are protected by the California taxpayer privilege and California Constitution's right to privacy, as well as the federal standard for production of tax returns. (*Id*. at 8-10.)

2. Damages

The Court agrees that Plaintiff's tax returns for the years 2010 through 2012 are not relevant to the issue of actual damages, based on Plaintiff's allegations in the Complaint. Moreover, to the extent Defendant seeks information as to what tuition was paid and which classes were taken, that information is readily obtainable from other sources. For example, in Defendant's Requests for Production, Defendant requested all documents related to Plaintiff's allegation that she originally purchased the computer at issue in order to take classes for which she paid tuition and was never able to complete, and Plaintiff agreed to produce such documents without objection. (*See* Imanaka Decl. at Exh. B, Request No. 12; *see also* Exh. D.) In addition, as Plaintiff points out, these records would be readily obtainable from the college Plaintiff attended and Defendant has made no attempt to subpoena Plaintiff's college records. Accordingly, the Court denies Defendant's motion to compel on the basis the tax returns are relevant to the issue of actual damages.

3. Debt

As to Defendant's argument that the tax returns are relevant to establishing whether the obligation at issue incurred was "primarily for personal, family, or household purposes" or for a business or other purpose, Plaintiff first argues that none of the exceptions to the California taxpayer privilege apply. (ECF No. 27 at 8-9.) As stated above, the California

taxpayer privilege does not apply to Plaintiff's tax returns in this action. Therefore, this argument is moot. Next, Plaintiff argues that Defendant has failed to meet the federal standard for the production of her tax returns. (*Id*. at 9-10.) She argues that Defendant has failed to establish relevancy, and "makes no serious attempt" to establish that there is a compelling need for the returns because the information is not readily attainable from alternative sources. (*Id*. at 10-11.)

Plaintiff argues, and Defendant does not dispute, that there is no indication Plaintiff ever had a business, particularly at the time Plaintiff purchased the computer. (*Id*. at 11.) As such, Plaintiff asserts that Defendant's "claimed basis is too attenuated to be relevant." (*Id*.) Even if the Court were to find the tax returns relevant, Plaintiff argues there is no compelling need because the information is readily attainable from other sources. (*Id*. at 12-13.) Plaintiff contends the information can be obtained from Plaintiff's college or from Plaintiff herself, and Defendant has not attempted to subpoena Plaintiff's education records or depose Plaintiff.

Defendant, as the party seeking production, bears the burden of first showing relevancy. *See A. Farber & Partners, Inc.*, 234 F.R.D. at 191. The Court agrees that the purpose of the computer purchase is relevant to Plaintiff's claims; however, it does not find Defendant has established that Plaintiff's tax returns are relevant to determining that purpose. Defendant has not deposed Plaintiff or otherwise determined through interrogatories – or a public records search – that Plaintiff had a business at the time. Thus, any relevancy is highly speculative at best.

Moreover, Plaintiff has demonstrated that other sources exist from which the information is readily obtainable. Plaintiff can testify as to her intended purpose, and her school records – the classes she was taking or was signed up for at the time[1] – can also be

---

[1] Plaintiff alleges in the FAC that she "originally purchased the . . . computer in order to take classes, for which she paid tuition and was never able to complete." (FAC at ¶ 30.)

6

readily obtained to corroborate her testimony. Accordingly, the Court denies Defendant's motion to compel the production of Plaintiff's tax returns for this reason as well.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to compel is DENIED.

IT IS SO ORDERED.

Dated: December 1, 2017

LOUISA S PORTER
United States Magistrate Judge